**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**


JOHNSTON FAMILY LOUISVILLE, LLC                                    PLAINTIFF

v.                                                                 NO. 3:07-CV-122-S

KENTUCKIANA YACHT SALES INC., et al.                               DEFENDANTS


**OPINION AND ORDER**

The plaintiff moves to strike errata sheets appended to the depositions of David Shaw,

Leon Shaw, and Scott Pullem.  Some of the changes purport to correct more than the reporter's

errors in transcription but also the witnesses' errors in the substantive testimony.  There appears

to be no reported case law within this judicial circuit on the issue whether Rule 30(e) of the

Federal Rules of Civil Procedure contemplates such breadth in its application.[1]  Thus, the court

finds persuasive the reasoning offered in *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242

n.5 (10th Cir. 2002).   There, the federal appellate court stated:

> The purpose of Rule 30(e) is obvious.  Should the reporter make a
> substantive error ... then corrections by the deponent would be in
> order.  The Rule cannot be interpreted to allow one to alter what
> was said under oath.  If that were the case, one could merely
> answer the questions with no thought at all then return home and
> plan artful responses.  Depositions differ from interrogatories in
> that regard.  A deposition is not a take home examination.

Under this rationale, an errata sheet may correct transcription or typographical errors, even if the

corrections change the substance of the testimony.  However, substantive changes that are not

attributable to reporter error are not permissible, errata-deposition testimony.  A witness may

testify under oath and make inadvertent substantive error, testify inconsistently, or upon

---

[1]Rule 30(e) provides that upon request the deponent may review the transcript within 30 days of its availability and "if there are changes in form or substance, ... sign a statement listing the changes and the reasons for making them."

-2-

reflection improve one's memory. In the court's view, these reasons do not fall within the scope of Rule 30(e) but are properly the subject of subsequent examination.

**IT IS HEREBY ORDERED** that the plaintiff's motion to strike errata sheets (docket no. 28) is **GRANTED IN PART.** Portions of the errata sheets which alter the substantive testimony for reasons attributable to deponent error are **STRICKEN**.

DATE:

Counsel of Record