# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

JOHNSTON FAMILY LOUISVILLE, LLC. )
                                             )
                  **PLAINTIFF** )
                                             )
                                             )
**vs.** )
                                             )
                                             )
KENTUCKIANA YACHT SALES, INC. )
                                             )
and )
                                             )
JEFFERSON YACHTS, INC. )
                                             )
            **DEFENDANTS** )
_____ )

**CIVIL ACTION NO. 3:07CV-00122-MO**

<u>**JURY INSTRUCTIONS**</u>

FILED

FEB 17 2010

BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

DATE: February 17, 2010

# GENERAL JURY INSTRUCTIONS

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything the court may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by he court, and reach a just verdict, regardless of the consequences.

You may use notes taken during trial to assist your memory. Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

## DUTY TO DELIBERATE AND ELECT A FOREPERSON

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision, however, simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If you take a break, or "recess," during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.

## COMMUNICATION WITH COURT

If it becomes necessary to communicate with me during deliberations, you may send a folded note through the Court Security Officer, signed by a juror. Do not disclose the content of your note to the Court Security Officer.

Do not communicate with the court about the case except by a signed note. I will only communicate with you regarding the case in writing or in open court.

Do not disclose any vote count in any note to the court, or to anyone else.

## YOUR DECISIONS MUST BE UNANIMOUS

In his case, you must reach unanimous agreement with respect to each question asked of you, and each decision you are asked to make.

## CORPORATIONS AND COMPANIES

This case should be considered by you as an action between companies of equal standing in the community. A corporation or limited liability company is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

## TWO DEFENDANTS

There are two defendants in this case, Jefferson Yachts, Inc. and Kentuckiana Yacht Sales, Inc. Each defendant is entitled to a fair and separate consideration of its own defense and should not be prejudiced by your decision with respect to the other defendant. The instructions given to you govern the case of each defendant in so far as they apply to it.

## WHAT IS EVIDENCE?

The evidence from which you are to decide what the facts are consists of:

1.  The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witnesses;

2.  The exhibits which have been received into evidence regardless of who may have produced them; and

3.  Any facts to which all the lawyers have agreed or stipulated.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts or circumstances that tend to prove or disapprove the existence or non-existence of certain other facts.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Your recollection and interpretation of all the evidence controls in this case. While you must consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.


## DEPOSITION TESTIMONY

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked of a witness before trial. Under some circumstances, if a witness cannot be present at trial, his testimony may be presented in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned some of the witnesses under oath. Court reporters were present and recorded the testimony. The questions and answers have been read or sworn to you during the trial. This testimony is entitled to the same consideration as if the witnesses had been present and testified from the witness stand in court.

## OPINION EVIDENCE

You have heard testimony from persons who, because of their education, training, skill, knowledge, or experience, are permitted to state their opinions about certain matters and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much or as little weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The witness' memory;

3.     The witness' manner while testifying;

4.     The witness' interest in the outcome of the case and any bias or prejudice;

5.     Whether other evidence contradicted the witness' testimony;

6.     The reasonableness of the witness' testimony in light of all the evidence; and

7.     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that witness.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached, then it is your exclusive right to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## WHAT IS NOT EVIDENCE

Certain things are not evidence, and you may not consider them in deciding what the facts are or in reaching your verdict. I will list what is not evidence for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. Any evidence to which an objection was sustained on the court must be disregarded.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## BURDEN OF PROOF

I will now instruct you on the elements of each party's claims, some of which must be proven by a preponderance of the evidence, and some of which must be proven by clear and convincing evidence.

When a party has the burden of proof on any claim by a "PREPONDERANCE OF THE EVIDENCE", it means you must be persuaded by the evidence that the claim is more probably true than not true.

When a party has the burden of proof on any claim by "CLEAR AND CONVINCING EVIDENCE" it does not necessarily mean uncontradicted proof. The concept relates more than anything else to an attitude or approach to weighing the evidence, rather than to a legal formula that can be precisely defined in words. It requires the party with the burden of proof to produce evidence substantially more persuasive than a preponderance of evidence, but not persuasive beyond a reasonable doubt.

In determining whether a party has met its burden of proof, you should base your decision on all of the evidence, regardless of which party presented it.

# SPECIFIC JURY INSTRUCTION NO. 1

## REVOCATION OF ACCEPTANCE OF YACHT

Johnston Family Louisville, LLC alleges that it accepted delivery of the Yacht at Kentucky Lake with the understanding that certain additional commissioning work would be performed and that the Yacht was in conformity with the representations made by Kentuckiana Yacht Sales, Inc. and Jefferson Yachts, Inc. Thereafter, Johnston Family Louisville, LLC attempted to revoke its acceptance of the Yacht and return it to Kentuckiana Yacht Sales, Inc.

Under certain circumstances, a buyer such as Johnston Family Louisville, LLC, which has accepted an item may revoke its acceptance of the item. Those circumstances are specified by law, as follows:

1. The non-conformity of the item to the warranties and representations made to the buyer must **"SUBSTANTIALLY IMPAIR"** the item's value to the buyer;

2. The buyer did not discover the non-conformity before accepting the item AND his acceptance was **"REASONABLY INDUCED"** either:

   a. By the difficulty of discovering the non-conformity before the item was accepted,
   
   **OR**
   
   b. By the seller's assurances.

3. The buyer must notify the seller that he revokes his acceptance within a **"REASONABLE TIME"**

   a. After he discovers or should have discovers the non-conformity
   
   **AND**
   
   b. Before there is any substantial change in the item that is not caused by the item's own defects.

Whether each of these circumstances has been established by a **"preponderance of the evidence"** is for you, the jury to decide. The law specifically says that what constitutes a **"REASONABLE TIME"** for taking any action " depends on the nature, purpose, and circumstances of the action." Whether an item's non-conformity **"SUBSTANTIALLY IMPAIRS"** its value to the buyer, or whether a buyer's acceptance was **"REASONABLY INDUCED"** are not specifically defined by statute and are left for you to determine in accordance with your interpretation of those words as they are commonly understood.

**Please proceed to the next page.**

There is no dispute among the parties that Johnston Family Louisville, LLC notified the defendants that it was revoking its acceptance. The questions for you to decide are:

1.  Did the Yacht conform to the representations made by the defendants to the Johnston Family Louisville, LLC?

    _____ YES          _____ NO

2.  If not, do you find that the non-conformity substantially impaired the value of the Yacht to the Johnston Family Louisville, LLC?

    _____ YES          _____ NO

3.  Did Johnston Family Louisville, LLC discover the non-conformity before acceptance?

    _____ YES          _____ NO

4.  If not, was Johnston Family Louisville, LLC's acceptance of the Yacht reasonably induced either by the difficulty of discovering the non-conformity, or by the seller's assurances?

    _____ YES          _____ NO

5.  Did Johnston Family Louisville, LLC revoke its acceptance of the Yacht within a reasonable time after:

    A.  It discovered, or should have discovered, its non-conformity?

        _____ YES          _____ NO

    **AND**

    B.  Before there was any substantial change in the Yacht that was not caused by the Yacht's own defects?

        _____ YES          _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
Foreperson

**Please proceed to the next page.**

8

## SPECIFIC JURY INSTRUCTION NO. 2

## EFFECT OF POST-REVOCATION USE OF AN ITEM

Even if a buyer has otherwise done what is necessary to properly revoke acceptance of an item, the buyer's subsequent continued use of an item may defeat an otherwise valid revocation. This is so, because the law imposes certain duties on a buyer who revokes his acceptance of an item: the buyer must either return the item to the seller, or maintain the condition of the goods until they are returned to the seller. Any post-revocation use of the item which is "INCONSISTENT WITH THE SELLER'S OWNERSHIP" of the item is not acceptable, however, and is considered a cancellation of the revocation.

The law does not precisely define the phrase "INCONSISTENT WITH THE SELLER'S OWNERSHIP," and instead asks juries to determine, based on the facts and circumstances of each particular case, whether a buyer's post-revocation use of an item was limited to what was reasonably necessary to fulfill its post-revocation duties, or went beyond that limited permissible use in a manner that was inconsistent with the seller's ownership of the Yacht, such that his post-revocation use amounts to a cancellation of the revocation and re-acceptance of the item.

**Based on the guidelines in the two paragraphs above, please answer the following question.**

Do you, the jury, find by a **"PREPONDERANCE OF THE EVIDENCE"** that Johnston Family Louisville, LLC's post-revocation use of the Yacht was inconsistent with the Kentuckiana Yacht Sales, Inc.'s ownership of the Yacht?

_____ YES        _____ NO

**Indicate your finding by placing an "X" on the appropriate lines above, and sign below.**


_____
Foreperson


**Please proceed to the next page.**

9

# SPECIFIC JURY INSTRUCTION NO. 3

## BREACH OF WARRANTY

Johnston Family Louisville, LLC alleges that Kentuckiana Yacht Sales, Inc. and Jefferson Yachts, Inc. breached certain warranties to Johnston Family Louisville, LLC in connection with the sale of the Yacht. Warranties can be "express" or "implied."

### Express Warranties

Any promise or affirmation of fact (whether it is in writing or merely spoken) that relates to the item sold, or any description of the item, that becomes part of the basis of the bargain creates an express warranty that the item will conform to the promise, affirmation, or description.

The creation of an express warranty does not require the seller to use formal words such as "warrant" or "guarantee," or that the seller have a specific intention to make a warranty, but an affirmation by the seller merely on the value of the goods or a statement purporting to be merely the seller's opinion or commendation (praise) of the goods does not create a warranty.

### Implied Warranties

Warranties also can be implied by law under certain circumstances.

For example, when an item is sold, there exists an "IMPLIED WARRANTY OF MERCHANTABILITY," namely, that the item is fit for the ordinary purpose for which such items are used.

In addition, there may also be an "IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE" where:

1. The seller, at the time of contracting, has reason to know any particular purpose for which the item is required,

AND

2. That the buyer is relying on the seller's skill or judgment to select or furnish a suitable item for that purpose

It is up to you to decide, based on the facts presented in this case, whether a warranty of fitness for a particular purpose can fairly be implied with respect to the sale of the Yacht.

### Exclusion or Modification of Warranties

Any warranty may be excluded or modified by the contract, as long as certain legal requirements are met. The court has already determined, as a matter of law, that these requirements were not met.

* * * * *

Johnston Family Louisville, LLC asserts that each defendant breached one or more warranties. In order to win on its warranty claims, Johnston Family Louisville, LLC must prove each of the following by a **"PREPONDERANCE OF THE EVIDENCE"** with respect to each claim:

1.   A warranty existed;

2.   Kentuckiana Yacht Sales, Inc. and/or Jefferson Yachts, Inc. breached the warranty;

3.   The breach of warranty was a **"PROXIMATE CAUSE"** of the loss sustained. (A breach of warranty is a **"PROXIMATE CAUSE"** of a loss, if the loss would not have happened were it not for the breach and is a natural and probable consequence of such a breach.)

You may consider evidence indicating that the seller exercised care in the manufacture or selection of the Yacht when determining whether any warranty was in fact breached.

Likewise, you may consider any action by Johnston Family Louisville, LLC following an examination of the goods which ought to have indicated the defect complained of when determining whether the breach itself was the proximate cause of the loss sustained.

There are two defendants in this matter. Johnston Family Louisville, LLC is alleging that each breached warranties in connection with the sale of the Yacht. Please evaluate each alleged breach separately.

**Please proceed to the next page.**

1.    As between **KENTUCKIANA YACHT SALES, INC.** and Johnston Family Louisville, LLC:

    a.    Do you find that there existed an express warranty with respect to the Yacht?

        _____ YES        _____ NO

    b.    Do you find that there existed an implied warranty of merchantability with respect to the Yacht?

        _____ YES        _____ NO

    c.    Do you find that there existed an implied warranty of fitness for a particular purpose with respect to the Yacht?

        _____ YES        _____ NO

2.    As between **JEFFERSON YACHTS, INC.** and Johnston Family Louisville, LLC:

    a.    Do you find that there existed an express warranty with respect to the Yacht?

        _____ YES        _____ NO

    b.    Do you find that there existed an implied warranty of merchantability with respect to the Yacht?

        _____ YES        _____ NO

    c.    Do you find that there existed an implied warranty of fitness for a particular purpose with respect to the Yacht?

        _____ YES        _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
          Foreperson                       **Please proceed to the next page.**

3.     As between **KENTUCKIANA YACHT SALES, INC.** and Johnston Family Louisville, LLC:

    a.     Do you find Kentuckiana Yacht Sales, Inc. breached *any* warranty with respect to the Yacht? (You may, if you determine the facts support your conclusion, check more than one "yes", but you may <u>not</u> check "yes" beside any warranty you determined did not exist in question 1 on page 12.)

        _____     YES (an express warranty)

        _____     YES (the implied warranty        _____     NO (none of the
                           of merchantability)                         warranties)

        _____     YES (the implied warranty
                           of fitness for a
                           particular purpose)

    b.     If you answered "YES" with respect to *any* warranty in question 3 (a), above, do you find that breach of that warranty, or (if you found that more than one warranty was breached) that the breach of any one of them, was the **"PROXIMATE CAUSE"** of the loss Johnston Family Louisville, LLC claims it sustained?

        _____     YES             _____     NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
      Foreperson

**Please proceed to the next page.**

4.     As between **JEFFERSON YACHTS, INC.** and Johnston Family Louisville, LLC:

   a.     Do you find **Jefferson Yachts, Inc.** breached *any* warranty with respect to the Yacht? (You may, if you determine the facts support your conclusion, check more than one "yes", but you may <u>not</u> check "yes" beside any warranty you determined did not exist in question 2 on page 12.)

   _____   YES (an express warranty)

   _____   YES (the implied warranty          _____   NO (none of the
                of merchantability)                              warranties)

   _____   YES (the implied warranty
                of fitness for a
                particular purpose)

   b.     If you answered "YES" with respect to *any* warranty in question 3 (a), above, do you find that breach of that warranty, or (if you found that more than one warranty was breached) that the breach of any one of them, was the "**PROXIMATE CAUSE**" of the loss Johnston Family Louisville, LLC claims it sustained?

   _____   YES          _____   NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
              Foreperson

**Please proceed to the next page.**

14

## Failure of a Warranty's Essential Purpose

The law allows in certain circumstances for the agreement for the sale of an item to limit the buyer's remedies for breach of warranty to the repair and replacement of the non-conforming goods or parts.

The agreement for the sale of the Yacht contains a provision which states that Johnston Family Louisville, LLC's remedy for a breach of warranty is limited to the repair or replacement of covered components or parts of the Yacht.

The repair or replacement remedy limitation in the agreement for the sale of the Yacht is not binding upon Johnston Family Louisville, LLC, however, if you determine the repair or replacement remedy causes the warranty to **"FAIL OF ITS ESSENTIAL PURPOSE."**

Any warranty affected by the stated repair or replacement limitation **"FAILS OF ITS ESSENTIAL PURPOSE"** if repair or replacement of covered components or parts of the Yacht by Jefferson Yachts, Inc. or Kentuckiana Yachts, Inc. is ineffective to make the Yacht comply with the warranties made by Jefferson Yachts, Inc. or Kentuckiana Yacht Sales, Inc.

If you found on pages 13 and 14 that Kentuckiana Yacht Sales, Inc. and/or Jefferson Yachts, Inc. breached any warranty, express or implied, you must now answer the following questions:

1.  Do you find, by a **"PREPONDERANCE OF THE EVIDENCE"** that the limitation by **Kentuckiana Yacht Sales, Inc.** of the sales agreement for breach of warranty to repair or replacement of covered components or parts of the Yacht **"FAILS OF ITS ESSENTIAL PURPOSE?"**

    _____ YES          _____ NO

2.  Do you find, by a **"PREPONDERANCE OF THE EVIDENCE"** that the limitation by **Jefferson Yachts, Inc.** of the sales agreement for breach of warranty to repair or replacement of covered components or parts of the Yacht **"FAILS OF ITS ESSENTIAL PURPOSE?"**

    _____ YES          _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
Foreperson

**Please proceed to the next page.**

# SPECIFIC JURY INSTRUCTION NO. 4

## FRAUD

Fraud is an act, omission, concealment, or course of action in which a person knowingly or intentionally cheats or deceives another. Fraud cannot be based upon unfulfilled promises or statements concerning future events, however. In addition, fraud cannot be based on "sales talk" or "puffing."

In civil actions, most claims must be proven only by a "preponderance of the evidence." A claim of fraud requires more. Fraud must be proven by "CLEAR AND CONVINCING EVIDENCE." Please refer to page 6 of these instructions for a definition of "CLEAR AND CONVINCING EVIDENCE."

There is more than one way that someone can commit fraud. In this matter, Johnston Family Louisville, LLC asserts that the defendants committed two types of fraud, "FRAUDULENT MISREPRESENTATION" and "FRAUD BY OMISSION."

\*     \*     \*     \*     \*

## Fraudulent Misrepresentation

To establish its claims of fraudulent misrepresentation, Johnston Family Louisville, LLC must prove each of the following by "CLEAR AND CONVINCING EVIDENCE":

1. One or both of the defendants made a representation of a "MATERIAL FACT" to Johnston Family Louisville, LLC;

2. The misrepresentation was false;

3. When one or both of the defendants made a misrepresentation of a "MATERIAL FACT," the defendant either knew the representation was false OR made it recklessly;

4. One or both of the defendants made a misrepresentation of a "MATERIAL FACT" with to induce Johnston Family Louisville, LLC to act upon it;

5. Johnston Family Louisville, LLC acted in reasonable reliance upon the misrepresentation; and

6. Johnston Family Louisville, LLC suffered damages as a result of that reliance.

A "MATERIAL FACT" is a fact that is likely to affect the conduct of a reasonable person and induce him to enter into the contract in question.

A representation is "RECKLESS" if it is made without any knowledge of the truth or

falsity of the representation, **or** if the person making the representation knows that he does not have sufficient information to support it.

## Fraud by Omission

To establish its claims of "**FRAUD BY OMISSION**", Johnston Family Louisville, LLC must prove each of the following by "**CLEAR AND CONVINCING EVIDENCE**":

1.  One or both of the defendants had a duty to disclose a "**MATERIAL FACT**" to Johnston Family Louisville, LLC; and

2.  The defendant in question failed to disclose a "**MATERIAL FACT**" to Johnston Family Louisville, LLC; and

3.  The failure to disclose the "**MATERIAL FACT**" induced Johnston Family Louisville, LLC to purchase the Yacht; and

4.  Johnston Family Louisville, LLC suffered actual damages.

A duty to disclose can arise under several circumstances, most of which the court has determined are not applicable in this case. Two such circumstances, either or both of which may be applicable here (it is your duty to determine this), exist when (1) a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure, or (2) where one party has superior knowledge of the material facts and knows that the other party relies upon him to disclose those facts.

A "**MATERIAL FACT**" is a fact that is likely to affect the conduct of a reasonable person and induce him to enter into the contract in question.

There are two defendants in this matter. Johnston Family Louisville, LLC is alleging that each committed one or more types of fraud in connection with the sale of the Yacht. Please evaluate each fraud claim against each defendant separately.

**Please proceed to the next page.**

1.    Do you find by "CLEAR AND CONVINCING EVIDENCE" that :

    a.    **Kentuckiana Yacht Sales, Inc.** made a representation of a **"MATERIAL FACT"** to Johnston Family Louisville, LLC;

        _____ YES       _____ NO

    b.    The misrepresentation was false;

        _____ YES       _____ NO

    c.    When **Kentuckiana Yacht Sales, Inc.** made a misrepresentation of a **"MATERIAL FACT,"** it either knew the representation was false **OR** made it recklessly;

        _____ YES       _____ NO

    d.    **Kentuckiana Yacht Sales, Inc.** made the misrepresentation of a **"MATERIAL FACT"** to induce Johnston Family Louisville, LLC to act upon it;

        _____ YES       _____ NO

    e.    Johnston Family Louisville, LLC acted in reasonable reliance upon the misrepresentation; and

        _____ YES       _____ NO

    f.    Johnston Family Louisville, LLC suffered damages as a result of that reliance.

        _____ YES       _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____

       Foreperson             **Please proceed to the next page.**

2.    Do you find by "CLEAR AND CONVINCING EVIDENCE" that :

a.    **Kentuckiana Yacht Sales, Inc.** had a duty to disclose a "MATERIAL FACT" to Johnston Family Louisville, LLC because (1) it partially disclosed material facts to the plaintiff but created the impression of full disclosure, or (2) it had superior knowledge of material facts and knew that the Johnston Family Louisville, LLC relied upon it to disclose those facts;

_____ YES          _____ NO

b.    **Kentuckiana Yacht Sales, Inc.** failed to disclose a "MATERIAL FACT" to Johnston Family Louisville, LLC;

_____ YES          _____ NO

c.    The failure to disclose the "MATERIAL FACT" induced Johnston Family Louisville, LLC to purchase the Yacht;

_____ YES          _____ NO

d.    The Johnston Family Louisville, LLC suffered actual damages as a result.

_____ YES          _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
            Foreperson                          **Please proceed to the next page.**

3.    Do you find by "CLEAR AND CONVINCING EVIDENCE" that :

a.    **Jefferson Yachts, Inc.** made a representation of a **"MATERIAL FACT"** to Johnston Family Louisville, LLC;

_____ YES            _____ NO

b.    The misrepresentation was false;

_____ YES            _____ NO

c.    When **Jefferson Yachts, Inc.** made a misrepresentation of a **"MATERIAL FACT,"** it either knew the representation was false **OR** made it recklessly;

_____ YES            _____ NO

d.    **Jefferson Yachts, Inc.** made the misrepresentation of a **"MATERIAL FACT"** to induce Johnston Family Louisville, LLC to act upon it;

_____ YES            _____ NO

e.    Johnston Family Louisville, LLC acted in reasonable reliance upon the misrepresentation; and

_____ YES            _____ NO

f.    Johnston Family Louisville, LLC suffered damages as a result of that reliance.

_____ YES            _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
        Foreperson                              **Please proceed to the next page.**

4. Do you find by "CLEAR AND CONVINCING EVIDENCE" that :

    a. **Jefferson Yachts, Inc.** had a duty to disclose a "MATERIAL FACT" to Johnston Family Louisville, LLC because had a duty to disclose a "MATERIAL FACT" to Johnston Family Louisville, LLC because (1)it partially disclosed material facts to the plaintiff but created the impression of full disclosure, or (2) it had superior knowledge of material facts and knew that the Johnston Family Louisville, LLC relied upon it to disclose those facts;

        _____ YES         _____ NO

    b. **Jefferson Yachts, Inc.** failed to disclose a "MATERIAL FACT" to Johnston Family Louisville, LLC;

        _____ YES         _____ NO

    c. The failure to disclose the "MATERIAL FACT" induced Johnston Family Louisville, LLC to purchase the Yacht;

        _____ YES         _____ NO

    d. The Johnston Family Louisville, LLC suffered actual damages as a result.

        _____ YES         _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____

       Foreperson           **Please proceed to the next page.**

## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

To establish an actionable claim for consumer fraud under the Kentucky Consumer Protection Act, Johnston Family Louisville, LLC must show:

1.    The Yacht was purchased primarily for personal, family or household purposes;

2.    Kentuckiana Yacht Sales, Inc. or Jefferson Yachts, Inc. were aware of the fact or were "**GROSSLY NEGLIGENT**" in their ignorance of the fact that the Yacht had a stability problem.

3.    Kentuckiana Yacht Sales, Inc. or Jefferson Yachts, Inc. knew the Yacht was unfit or should have known the Yacht was unfit, and acted in a manner that was unfair, false, misleading, or deceptive in selling the Yacht to Johnston Family Louisville, LLC.

4.    Johnston Family Louisville, LLC suffered a loss of money as a result of the unfair, false, misleading or deceptive acts of Kentuckiana Yacht Sales, Inc. and/or Jefferson Yachts, Inc.

"**GROSS NEGLIGENCE**" is something more than the failure to exercise care – it is a wanton or reckless disregard for the rights of others.

The term "**UNFAIR**" used in numbered paragraph 3, above, is defined by statute as "unconscionable."

There are two defendants in this matter. Johnston Family Louisville, LLC is alleging that each violated the Kentucky Consumer Protection Act in connection with the sale of the Yacht. Please evaluate each claim against each defendant separately.

**Please proceed to the next page.**

1. The parties do not dispute that the Yacht was purchased primarily for personal, family or household purposes. Accordingly, you need only answer the following questions. Do you find, by a **"PREPONDERANCE OF THE EVIDENCE"**:

   a. **Kentuckiana Yacht Sales, Inc.** was aware of the fact, or were **"GROSSLY NEGLIGENT"** in its ignorance of the fact, that the Yacht had a stability problem.

   _____ YES          _____ NO

   b. **Kentuckiana Yacht Sales, Inc.** knew the Yacht was unfit, or should have known the Yacht was unfit, and acted in a manner that was **"UNFAIR"**, false, misleading, or deceptive in selling the Yacht to Johnston Family Louisville, LLC.

   _____ YES          _____ NO

   c. Johnston Family Louisville, LLC suffered a loss of money as a result of the **"UNFAIR"**, false, misleading or deceptive acts of **Kentuckiana Yacht Sales, Inc.**

   _____ YES          _____ NO


2. The parties do not dispute that the Yacht was purchased primarily for personal, family or household purposes. Accordingly, you need only answer the following questions. Do you find, by a **"PREPONDERANCE OF THE EVIDENCE"**:

   a. **Jefferson Yachts, Inc.** was aware of the fact, or were **"GROSSLY NEGLIGENT"** in its ignorance of the fact, that the Yacht had a stability problem.

   _____ YES          _____ NO

   b. **Jefferson Yachts, Inc.** knew the Yacht was unfit, or should have known the Yacht was unfit, and acted in a manner that was **"UNFAIR"**, false, misleading, or deceptive in selling the Yacht to Johnston Family Louisville, LLC.

   _____ YES          _____ NO

   c. Johnston Family Louisville, LLC suffered a loss of money as a result of the **"UNFAIR"**, false, misleading or deceptive acts of **Jefferson Yachts, Inc.**

   _____ YES          _____ NO


**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____

Foreperson                              **Please proceed to the next page.**

# SPECIFIC JURY INSTRUCTION NO. 6

## COUNTERCLAIM FOR NECESSARY REPAIRS TO THE YACHT

The plaintiff is not the only party who has asserted claims in this action. One of the defendants, Kentuckiana Yacht Sales, Inc. also has asserted what is known as a counterclaim against Johnston Family Louisville, LLC.

In its counterclaim, Kentuckiana Yacht Sales, Inc. alleges that it made certain necessary repairs to the Yacht to correct damage to the Yacht caused by Johnston Family Louisville after after it sold the Yacht to Johnston Family Louisville, LLC and Johnston Family Louisville, LLC took possession of it. Kentuckiana Yacht Sales, Inc. alleges that Johnston Family Louisville, LLC had not paid for those repairs, and is required to do so.

In order for Kentuckiana Yacht Sales, Inc. to recover from Johnston Family Louisville, LLC on its claim for the cost of necessary repairs, it must prove the following elements by a "**PREPONDERANCE OF THE EVIDENCE**":

1. Kentuckiana Yacht Sales, Inc. either performed, or paid others to perform, certain repairs to the Yacht at Kentuckiana Yacht Sales, Inc.'s expense.

2. Kentuckiana Yacht Sales did not cause the damages to the Yacht that it repaired; and

3. The repairs to the Yacht were necessary for the protection of the Yacht and the protection of the interest of Johnston Family Louisville, LLC; and

4. The repairs to the Yacht were not covered by any warranty provided by Kentuckiana Yacht Sales, Inc. and/or Jefferson Yachts, Inc.; and

5. Johnston Family Louisville, LLC was obligated to pay for the repairs and breached its obligation by refusing to pay for the repairs.

**Please proceed to the next page.**

Do you find, by a "**PREPONDERANCE OF THE EVIDENCE**" that:

Kentuckiana Yacht Sales, Inc. either performed, or paid others to perform, certain repairs to the Yacht at Kentuckiana Yacht Sales, Inc.'s expense?

_____ YES          _____ NO

Kentuckiana Yacht Sales did not cause the damages to the Yacht that it repaired?

_____ YES          _____ NO

The repairs to the Yacht were necessary for the protection of the Yacht and the protection of the interest of Johnston Family Louisville, LLC?

_____ YES          _____ NO

The repairs to the Yacht were not covered by any warranty provided by Kentuckiana Yacht Sales, Inc. and/or Jefferson Yachts, Inc.?

_____ YES          _____ NO

Johnston Family Louisville, LLC was obligated to pay for the repairs and breached its obligation by refusing to pay for the repairs?

_____ YES          _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
                Foreperson                          **Please proceed to the next page.**

# JURY INSTRUCTIONS REGARDING THE ASSESSMENT AND CALCULATION OF DAMAGES

Depending on your answers to the questions in the specific jury instructions above, the parties may be entitled to damages. With one exception, which the court will discuss shortly, *whether* a particular type of damage should be awarded with respect to a particular claim is a question of law for the court to decide. How *much* money for each of the various types of damages that may be awarded in this action, is for you to decide, keeping in mind that the Johnston Family Louisville, LLC had a duty to use reasonable care to minimize its damages. This is called "**MITIGATION OF DAMAGES.**"

One of the types of damages that is potentially recoverable is the "**PURCHASE PRICE**" of the Yacht. The parties do not dispute what that amount is.

*     *     *     *     *

Another type of damages that is potentially recoverable is what is known as "**INCIDENTAL DAMAGES**," which includes expenses reasonably incurred in inspection, receipt, transportation and care and custody of the Yacht that were necessary to maintain the Yacht in good condition during the pendency of this dispute.

You must now calculate the amount of "**INCIDENTAL DAMAGES**" that were incurred by Johnston Family Louisville, LLC, and which could not have been avoided through use of reasonable care.

1.  We, the jury, , find by a "**PREPONDERANCE OF THE EVIDENCE,**" that the amount of "**INCIDENTAL DAMAGES**" incurred by Johnston Family Louisville, LLC are:

    $_____     (This amount cannot exceed $1,078,460.17, as that is the maximum amount supported by the proof.)

2.  We, the jury, find by a "**PREPONDERANCE OF THE EVIDENCE,**" that the amount of "**INCIDENTAL DAMAGES**" incurred by Johnston Family Louisville, LLC that could have been avoided by reasonable care (in other words, by "**MITIGATION**" (please see the definition above) are:

    $_____

### Indicate your findings and sign below.

_____

Foreperson                    **Please proceed to the next page.**

Another type of damages that may be awarded is **Kentuckiana Yacht Sales, Inc.**'s alleged damages for certain repairs to the boat. If you answered "yes" to **all** of the questions regarding Kentuckiana Yacht Sales, Inc.'s counterclaim for necessary repairs to the Yacht (on page 25), you must how much of the costs incurred in making the repairs were reasonable under the circumstances.

**Do not answer the question below, unless you answered YES to ALL the questions on page 25 regarding Kentuckiana Yacht Sales, Inc.'s counterclaim for necessary repairs to the Yacht.**

We, the jury, find by a **"PREPONDERANCE OF THE EVIDENCE,"** that the reasonable costs of the necessary repairs to the Yacht are $_____ (this amount cannot exceed $36,000, the total amount claimed by Kentuckiana Yacht Sales, Inc.).

**Indicate your findings and sign below.**

_____

Foreperson

**Please proceed to the next page.**

# PUNITIVE DAMAGES

Punitive damages" are damages awarded against a defendant for the sole purpose of punishing a defendant for its misconduct in the case and discouraging misconduct in the future, not to compensate him for a loss. It is your duty to determine whether the facts of this case warrant a punitive damages award against either defendant.

You may award punitive damages only if the evidence is "CLEAR AND CONVINCING" that Jefferson Yachts, Inc. and/or Kentuckiana Yacht Sales, Inc. acted toward Johnston Family Louisville, LLC with fraud, oppression, or malice. The plaintiff does not allege that either defendant acted with oppression or malice toward it, so you must limit your evaluation to whether either defendant engaged in a type of fraud sufficient to warrant a finding that punitive damages are appropriate.

"FRAUD" in the context of determining whether a punitive damages award is appropriate, means an intentional misrepresentation, deceit, or concealment of material fact known to the defendant and made with the intention of causing injury to the plaintiff.

You must determine whether to assess punitive damages against either defendant, and the amount of any such damages, separately.

1. Do you find BY "CLEAR AND CONVINCING" evidence that **Kentuckiana Yacht Sales, Inc.**:

   a. Made an intentional misrepresentation with the intent of causing harm to Johnston Family Louisville, LLC?

   _____ YES _____ NO

   b. Engaged in a deceit or deceptive act with the intent of causing harm to Johnston Family Louisville, LLC?

   _____ YES _____ NO

   c. Concealed a "MATERIAL FACT" (a fact that is likely to affect the conduct of a reasonable person and induce him to act) with the intent of causing harm to Johnston Family Louisville, LLC?

   _____ YES _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
Foreperson                    **Please proceed to the next page.**

2. Do you find by **"CLEAR AND CONVINCING"** evidence that **Jefferson Yachts, Inc.:**

   a. Made an intentional misrepresentation with the intent of causing harm to Johnston Family Louisville, LLC?

      _____ YES    _____ NO

   b. Engaged in a deceit or deceptive act with the intent of causing harm to Johnston Family Louisville, LLC?

      _____ YES    _____ NO

   c. Concealed a **"MATERIAL FACT"** (a fact that is likely to affect the conduct of a reasonable person and induce him to act) with the intent of causing harm to Johnston Family Louisville, LLC?

      _____ YES    _____ NO

**Indicate your findings by placing an "X" on the appropriate lines above, and sign below.**

_____
Foreperson

**Please proceed to the next page.**

If your answer was "yes" any subsection (or to more than one subsection, if appropriate) of questions 1 or 2, above, you must then determine the appropriate sum of punitive damages to assess against each defendant. In determining the amount of punitive damages to be assessed, you should consider the following factors:

1. The likelihood at the relevant time that serious harm would arise from Defendants' misconduct;

2. The degree of Defendants' awareness of that likelihood;

3. The profitability of the misconduct to the Defendants;

4. The duration of the misconduct and any concealment of it by the Defendants; and

5. Any actions by the Defendants to remedy the misconduct once it became known to the Defendants.

We the jury, after considering the factors above, have determined that punitive damages in the amount of $_____ should be assessed against **Kentuckiana Yacht Sales, Inc.**

We the jury, after considering the factors above, have determined that punitive damages in the amount of $_____ should be assessed against **Jefferson Yachts, Inc.**

**Indicate your findings and sign below.**

_____
                    Foreperson

**Please proceed to the next page.**

Please review your answers to all question above, and confirm that your decision for each is unanimous, and that your foreperson has signed in all places that he or she has been asked to sign.

After you have done so, please advise the court, through the Court Security Officer, that you have completed your deliberations.

Thank you for your service.